# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1227

_____

United States of America,      *
    *
        Appellee,     *
    *
    *   Appeal from the United States
    v.     *   District Court for the Southern
    *   District of Iowa.
Gabriel Crivello,     *
    *   [UNPUBLISHED]
        Appellant.     *

_____

Submitted: September 20, 2011
Filed: September 20, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


Gabriel Crivello appeals from the district court's[1] denial of his motion to withdraw his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

We conclude the district court did not abuse its discretion in denying Crivello's motion to withdraw his guilty plea, because Crivello did not present a fair and just reason for withdrawing his plea. See United States v. Alvarado, 615 F.3d 916, 920 (8th Cir. 2010) (standard of review; after court accepts guilty plea, defendant may still withdraw plea before sentence is imposed if defendant can show fair and just reason for requesting withdrawal); United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (when defendant stated at plea hearing that he understood, his later conclusory claim that he did not understand rings hollow); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____